LAW OFFICE OF AIHONG YOU, PC
Aihong You, Esq.
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
aihong.you@aihonglaw.com
*Attorneys for Plaintiff, Individually*
*and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hong Yan,<br>on behalf of themselves and all others similarly situated<br><br>     Plaintiffs,<br>  -against-<br><br>Renew Body Wellness, Inc., NYC Renew Body Wellness, Inc, d/b/a Renew Body Wellness, Jun Li, Sam (true name is presently unknown), Leo (true name is presently unknown),  John Does #1-10, Jane Does #1-10, and Company ABC #1-10<br><br>     Defendants | Civil Action No.:<br><br>**COMPLAINT**<br><br>**July Trial Demanded** |

   Plaintiff Hong Yan (hereinafter referred to as "Plaintiff"), by and through his undersigned attorneys, allege on knowledge as to his own acts and otherwise on information and belief as follows:

<u>**NATURE OF THE ACTION**</u>

1.  This proceeding is brought by the Plaintiff on behalf of himself and on behalf of other similarly situated current and former employees of the defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act "FLSA", 29 U.S.C. § 216(b), to remedy their wage loss during their employment with Renew Body Wellness, Inc., NYC Renew Body Wellness, Inc., Jun Li, Sam and Leo, John Does #1-10, Jane Does #1-10, and Company ABC #1-10, (hereinafter referred to as "Defendants"). The Plaintiffs' claims are based upon 29 U.S.C. §§ 201 *et seq*., which provides the following remedies: (1) compensation for wages paid at less than the statutory minimum wage; (2) unpaid wages from the Defendants for overtime work for which they did not receive overtime premium pay as required by law, (3) liquidated damages pursuant to the FLSA, 29 U.S.C §216(b) and 29 U.S.C. §260, because the Defendants' violations were willful, and (4) reasonable attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to FLSA.

2.  This proceeding is also brought by the Plaintiff on behalf of himself and on behalf of a class of other similarly situated current and former employees of the defendants, pursuant to Fed. R. Civ. R. P. 23, charging that the Defendants violated New York Labor Law article 6 and article 19. Under New York laws, the Plaintiffs are entitled to (1) compensation for wages paid at less than the statutory minimum wage, (2) back wages for overtime work for which defendants willfully failed to pay overtime premium pay, (3) compensation for the Defendant's violation of the "spread of hours" regulations, (4) compensation for Defendant's violation of the Wage Theft Prevention Act, (5) liquidated damages, and (5) reasonable attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to New York Labor Law and Wage Theft Prevention Act ("New York Labor Law").

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court is proper under 28 U.S.C. §§1331 and 1337. The Court, at the same time, has supplemental jurisdiction over state law claims of wage loss pursuant to 28 U.S.C. § 1367. In addition, the court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4.   Defendants, Renew Body Wellness, Inc., NYC Renew Body Wellness, Inc., d/b/a Renew Body Wellness is located at 49 West 8th Street, 2Fl, New York, NY 10011. As the Southern District of New York is the district where at least two Defendants are located, venue is proper with this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5.   Plaintiff Hong Yan is a resident of New York. He was jointly employed by the Defendants beginning in about March 2018. Lu worked as a massage worker for the defendant Renew Body Wellness, Inc. from March 2018 to April 2019, and for the defendant NYC Renew Body Wellness, Inc. from April 2019 to September 13, 2020.

6.   Upon information and belief, defendant Renew Body Wellness, Inc. is a New York corporation with a principal place of business at 49 West 8th Street, 2nd Fl, New York, NY 10014.

7.   Upon information and belief, defendant NYC Renew Body Wellness, Inc. is a New York corporation with a principal place of business at 49 West 8th Street, 2nd Fl, New York, NY 10014.

8.   Renew Body Wellness, Inc. was reincorporated to become NYC Renew Body Wellness, Inc. in April 2019. The two companies operated at the same location and were managed by the same individual defendants. The two companies were one and the same, and they lacked a separate identity from each other and from those individual defendants.

9.   Upon information and belief, at all relevant time, defendant Jun Li was one of the owners and managers of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc.

Defendant Jun Li was involved in the day-to-day operations of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc., and played an active role in managing the business at all relevant times. Defendant Jun Li's last known business address is NYC Renew Body Wellness, Inc. d/b/a Renew Body Wellness, at 49 West 8th Street, 2nd Fl, New York, NY 10014.

10. At all relevant times, Defendant Jun Li had the power to hire and fire employees, including the Plaintiff, set his wages and schedules, and retain his records. Defendant Jun Li constituted an "employer" of the Plaintiff as defined under the FLSA and New York Labor Law.

11. Upon information and belief, at all relevant time, defendant Sam (whose real name is unknown) was one of the owners and managers of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc. Defendant Sam was involved in the day-to-day operations of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc. and played an active role in managing the business at all relevant times. Defendant Sam's last known business address is NYC Renew Body Wellness, Inc. d/b/a Renew Body Wellness, at 49 West 8th Street, 2nd Fl, New York, NY 10014.

12. At all relevant times, Defendant Sam had the power to hire and fire employees, including the Plaintiff, set his wages and schedules, and retain his records. Defendant Sam constituted an "employer" of the Plaintiffs as defined under the FLSA and New York Labor Law.

13. Upon information and belief, at all relevant time, defendant Leo (whose real name is unknown) was one of the owners and managers of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc. Defendant Leo was involved in the day-to-day operations of defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc., and played an active role in managing the business at all relevant times. Defendant Leo's last known business

address is NYC Renew Body Wellness, Inc. d/b/a Renew Body Wellness, at 49 West 8th Street, 2nd Fl, New York, NY 10014.

14. At all relevant times, Defendant Leo had the power to hire and fire employees, including the plaintiff, set his wages and schedules, and retain his records. Defendant Leo constituted an "employer" of the Plaintiff as defined under the FLSA and New York Labor Law.

15. At all relevant times, defendant Renew Body Wellness, Inc. has been an employer engaged in interstate commerce and/or the production of the goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

16. At all relevant times, defendant NYC Renew Body Wellness, Inc. has been an employer engaged in interstate commerce and/or the production of the goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

17. Upon information and belief, at all relevant times, defendant Renew Body Wellness, Inc. has had gross revenues in excess of $500,000.00.

18. Upon information and belief, at all relevant times, defendant NYC Renew Body Wellness, Inc. has had gross revenues in excess of $500,000.00.

19. Upon information and belief, at all relevant times herein, defendant Renew Body Wellness, Inc. has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

20. Upon information and belief, at all relevant times herein, defendant NYC Renew Body Wellness, Inc.  has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

21. Upon information and belief, at all relevant times, defendant Renew Body Wellness, Inc. and NYC Renew Body Wellness, Inc. together with other entities affiliated with or controlled by the individual defendants, has constituted an "enterprise" as defined in the FLSA.

22. Upon information and belief, at all relevant times herein, Defendants, John Does #1-10 and Jane Does #1-10 were the owners, officers, directors, members, and/or agents of the defendants, but whose identities are unknown at this time. The Complaint herein will be amended, if appropriate, to include the name or names of said individuals when such information becomes available.

23. Upon information and belief, at all relevant times herein, Defendants, Company ABC #1-10 represent other entities affiliated and/or controlled by the defendants. The Complaint herein will be amended, if appropriate, to include the name or names of said entities when such information becomes available.

## COLLETIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 206 and §207, the Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by the defendants in the United States at any time since November 10, 2017, to the entry of judgment in this case (the "Collective Action Period), who were non- exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek ( t h e "Collective Action Members").

25. The Collective Action Members are similarly situated to the Plaintiff in that they were employed by defendants as nonexempt employees of defendants, and were denied payment at the

statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

26. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

27. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTUAL ALLEGATIONS

28. At all relevant times herein, the individual Defendants owned and operated a massage store located at 49 West 8th Street, 2Fl, New York, NY 10011. The business name of the store remained the same as Renew Body Wellness ("RBW") at all relevant times herein.

29. Plaintiff was employed as a massage worker by the defendant, and he worked for RBW from March 2018 to September 13, 2020.

30. From March 2018 to April 2019, the plaintiff received his W-2 statements for a salary purportedly paid and reported by the company named as Renew Body Wellness, Inc.

31. From April 2019 to September 13, 2020, the plaintiff received his W-2 statements for a salary purportedly paid and reported by the company named as NYC Renew Body Wellness, Inc.

32. The total amount of the salary reported by RBW in the Plaintiff's W-2 statements from March 2018 to September 13, 2020 was $13,065.oo.

33. In fact, however, the defendants never paid any base salary to the Plaintiff. Every time, after the plaintiff received a salary check, he was required to return the exact amount on the check back to the defendants in cash. Thus, the Plaintiff received no salary when he worked for the defendants.

34. All plaintiff's incomes when he worked for the defendants were the tips he received from his customers. The defendants paid no wages to the plaintiff for his work at RBW.

35. The Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants, and did not involve executive or administrative responsibilities.

36. At all relevant times herein, the Plaintiff was employees engaged in commerce and/or production of goods for commerce, as defined in the FLSA.

37. During the course of the Plaintiff's employment with the Defendants, he routinely worked either from 10 am. to 10 pm morning shift or from 12 am to 11 pm evening shift. Thus, during their employment, the Plaintiff worked 11 or 12 hours per day, 6 days per week, in total of 66 to 72 hours per week.

38. During his employment, defendants paid no salary to the plaintiff. In 2018, the Federal minimum wage was $7.25 per hour and New York minimum wage was $13.5 per hour. In 2019, the Federal minimum wage was $7.25 per hour, and New York minimum wage was $15 per hour. In 2020, the Federal minimum wage was $7.25 per hour and New York minimum wage was $15 per hour.

39. Section 3(m) of the FLSA permits an employer to take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage and the federal minimum wage. However, an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit.

40. New York State law allows employers in all industries other than building service to satisfy the minimum wage by combining a "cash wage" paid by the employer with a credit or allowance for tips that the employee receives customers. However, an employer is not eligible to

take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit.

41. The defendants failed to pay any cash wages to the plaintiff during his employment with RBW.

42. The defendants failed to provide any notice to the Plaintiff notifying him that they intended to claim tip credits as part of the plaintiff's wages.

43. The Defendants failed to pay the Plaintiff an amount at least equal to the Federal or New York state minimum wages in effect during all relevant time periods. The defendants' violations were willful.

44. The Defendants also failed to pay the Plaintiff the overtime additional wages for hours beyond 40 hours in a workweek, in violation of the FLSA and the New York Labor Law. Those violations are willful.

45. The defendant also willfully failed to pay to the plaintiff one additional hour's pay at the minimum wage for each day they worked more than ten hours in violation of the New York Labor Law.

46. The defendants also failed to provide the Plaintiff with a written notice of his regular rate of pay or overtime rate of pay, in violation of New York Labor Law article 6, §195 (also known "Wage Theft Prevention Act").

47. During the period when the Defendants employed the Plaintiff, the Defendants failed to provide the Plaintiff with weekly payroll records of his compensation and hours worked, in violation of  the Wage Theft Prevention Act.

48. Upon information and belief, while Defendants employed the Plaintiff, and through all relevant time periods, the Defendants failed to maintain accurate and sufficient time records or

provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Laws.

## COUNT I
## Fair Labor Standards Act - Minimum Wage

49. The Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

50. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the FLSA.

51. During the period when the Defendants employed the Plaintiff, they failed to pay the Plaintiff a salary equal or above the minimum wages under FLSA for all hours worked.

52. As a result of Defendants' willful failure to compensate the Plaintiff at a rate at least equal to the federal minimum wage, the Defendants have violated the FLSA 29 U.S.C. §201 et seq.

53. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendants their unpaid compensation plus liquidated damages, reasonable attorney's fees and costs, and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
## New York Labor Law - Minimum Wage

54. Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

55. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the New York Labor Law §2 and §651.

56.  During the period when the Defendants employed the Plaintiff, they failed to pay the Plaintiff a salary equal or above the minimum wages under New York Labor Law for all hours worked.

57. As a result of Defendants' willful failure to compensate the Plaintiff at a rate at least equal to the federal minimum wage, the Defendants have violated the New York Labor Law Article 6 and Article 19.

58. Due to the Defendant's New York Labor Law violations, the Plaintiff is entitled to recover from the Defendants their unpaid compensation plus liquidated damages, reasonable attorney's fees and costs, and disbursements of this action, pursuant to New York Labor Law §663(1).

<u>**COUNT III**</u>
<u>**Fair Labor Standards Act – Overtime**</u>

59. Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

60. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the Fair Labor Standards Act.

61. During the period when the Defendants employed the Plaintiff, they failed to pay the Plaintiff overtime compensation for hours the Plaintiff worked in excess of forty hours per week.

62. As a result of Defendants' willful failure to compensate the Plaintiff at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the Defendants have violated the Fair Labor Standards Act.

63. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendants their unpaid overtime compensation, plus liquidated damages, reasonable attorney's fees and costs, and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IV
## New York Labor Law – Overtime

64. Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

65. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the New York Labor Law §2 and §651.

66. During the period when the Defendants employed the Plaintiff, they willfully violated the Plaintiff's rights by failing to pay the Plaintiff overtime compensation for hours the Plaintiff worked in excess of forty hours per week.

67. As a result of Defendants' willful failure to compensate the Plaintiff at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the Defendants have violated the New York Labor Law.

68. Due to the Defendant's New York Labor Law violations, the Plaintiff is entitled to recover from the Defendants their unpaid overtime compensation plus liquidated damages, reasonable attorney's fees and costs, and disbursements of this action, pursuant to New York Labor Law §663(1).

## COUNT V
## New York Labor Law – Spread of Hours

69. Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

70. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the New York Labor Law §2 and §651.

71. During the period when the Defendants employed the Plaintiffs, they willfully violated the Plaintiff's rights by failing to pay the Plaintiffs for "spread of hours" which is one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage when the Plaintiff worked over 10 hours a day.

72. As a result of Defendants' willful failure to compensate the Plaintiff for "spread of hours", the Defendants have violated the New York Labor Law.

73. Due to the Defendant's New York Labor Law violations, the Plaintiff is entitled to recover from the Defendants their unpaid compensation for "spread of hours", plus liquidated damages, reasonable attorney's fees and costs, and disbursements of this action, pursuant to New York Labor Law §663(1).

## COUNT VI
## New York Labor Law §195– Wage Theft Prevention Act

74. Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

75. By the acts and practices described above, at all relevant times, the Defendants employed the Plaintiff within the meaning of the New York Labor Law §2 and §651.

76. The Defendants have willfully violated the Plaintiff's rights which are protected by subdivision one and three of the Wage Theft Prevention Act, by failing to provide the Plaintiff, any written notices and statements regarding rates of pay or overtime rate of pay, basis of payment, the schedule and method of payment, and the policies regarding allowances. The

Defendants also failed to maintain payroll records showing the Plaintiff's weekly worked hours and payment information as required by subdivision four of the Wage Theft Prevention Act.

77. Due to the Defendant's New York Labor Law violations, the Plaintiff is entitled to recover from the Defendants statutory damages of $50 per day from March 2018 when the Plaintiff was employed by the Defendants to September 13, 2020 when the Plaintiffs' employment was terminated.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(a) Designation of this action as a collective action  on behalf of the Collective Action Members   and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

(b) Declaring the acts and practices complained of herein are in violation of FLSA, New York Labor Law, and New York Wage Theft Prevention Act;

(c) Award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

(d) Award of unpaid compensation, at the statutory minimum wage, due under the FLSA and New York Labor Law;

(e) Award of damages as a result of defendants' willful failure to pay the spread of hours premium payment pursuant to New York Labor Law;

(f)  Award of damages for defendant's violation of the New York Wage Theft Prevention

Act;

(g)  Award of liquidated damages as a result of the Defendants' willful failure to pay the

statutory compensations under the FLSA.

(h)  Award of liquidated damages as a result of the Defendants' willful failure to pay the

statutory compensations under New York Labor Law.

(i)  Award of pre-judgment and post-judgement interest;

(j)  Award of costs and expenses of this action together with reasonable attorneys' and

expert fees; and

(k)  Such other, further, and different relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.

Dated: New York, New York

November 10, 2020

_____/s/_____

Aihong You, Esq.
LAW OFFICE OF AIHONG YOU
Attorneys for Plaintiff
9 Mott Street, Suite 600
New York, NY 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
aihong.you@aihonglaw.com

15