UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HONG YAN,

                                        Plaintiff,                    20-CV-09401 (GBD)(SN)

                        -against-                                     OPINION & ORDER

RENEW BODY WELLNESS, INC., et al.,

                                        Defendants.

-------------------------------------------------------------------X

SARAH NETBURN, United States Magistrate Judge:

        Plaintiff Hong Yan alleges that Defendants did not properly compensate him and other

employees in accordance with the Fair Labor Standards Act (the "FLSA") and the New York

Labor Law. The Honorable George B. Daniels has referred this case of my docket for general

pretrial management. Plaintiff moves to amend the complaint and conditionally certify this case

as a representative collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's motion to amend

the complaint is GRANTED in part and DENIED in part, and his motion for conditional

certification is DENIED.

## BACKGROUND

        In the initial complaint, Yan alleged that he was employed as a massage worker by

Defendant Renew Body Wellness, Inc. ("RBW") from March 2018 until April 2019, and by

Defendant NYC Renew Body Wellness, Inc. ("NYC RBW") from April 2019 until September

2020 after RBW was reincorporated. ECF No. 1, Complaint ("Compl.") ¶¶ 5, 8. Both

corporations operated from 49 West 8th Street, 2nd Floor in New York, New York and were

managed by the same individual defendants, identified as Jun Li, Sam, and Leo. Id. at ¶¶ 6–14.

Plaintiff alleges that he was not paid any wages by Defendants and instead relied on tips from customers, despite working 11 to 12 hours per day, six days per week. Id. at ¶¶ 33–34, 37–38, 44. Although Defendants issued salary checks and W-2 statements, he was required to return the money to Defendants in cash. Id. at ¶ 33.

Plaintiff seeks to amend the complaint to (1) substitute the individual defendants' real names for the nicknames used in the initial complaint, and (2) add four additional corporate defendants, Renew Day Spa Inc., Renew Day Spa II Inc., Renew Day Spa III Inc., and Renew Regal Spa Inc. ECF No. 46, Ex. 2, Proposed First Am. Compl. ("PAC") ¶ 1. Plaintiff alleges that despite operating at different locations, the additional corporate entities were owned and managed by the same individual defendants and shared employees and managers. Id. at ¶¶ 13–19. He further claims that he worked for the locations at 10 Bowery and 42 Bowery in March 2018 before being transferred to the 49 West 8th Street location in April 2018 and was occasionally asked to work at the two Bowery locations – as well as a third location at 259 Canal Street – throughout his period of employment. Id. at ¶¶ 46–49.

Plaintiff also moves, under 29 U.S.C. § 216(b), for conditional certification of a collective consisting of "current and former non-managerial staff employed by the corporate defendants from March 1, 2018 to the entry of judgment." ECF No. 47, Plaintiff's Mem. of Law ("Pl. Mem.") 4. Plaintiff's proposed notice of lawsuit alternatively defines the collective as any non-managerial employee of Renew Body Spa, Renew Body Wellness, or Renew Regal Spa currently employed or employed three years prior to the date of notice who were not paid the minimum wage or overtime wages. ECF No. 46, Ex. 4, Proposed Notice of Lawsuit ("Notice").

Plaintiff alleges that Defendants violated the FLSA by failing to pay him and other similarly situated plaintiffs (1) a salary equal or above the federal minimum wage in violation of

29 U.S.C. § 201, Compl. ¶¶ 51–52, and (2) a rate of one-and-one-half times the regular rate of pay for work performed for all hours worked in excess of 40 hours a week, id. at ¶¶ 61–62.

In support of his motion to conditionally certify a collective, Plaintiff submitted an affidavit, in which he states: "From talking to other workers, and from my personal observations, I know that other workers were working more than 40 hours a week like I was and were paid no wages. Their only compensations were the tips they received." ECF No. 46, Ex. 1, Affidavit of Hong Yan ("Yan Aff.") ¶ 14. Plaintiff does not name the workers he spoke to or provide any other details about their conversations. He also submits a document produced by Defendants in discovery titled "Masseuse Payroll Book," which consists of handwritten charts from December 2019 through November 2020 listing the first names of workers, a dollar amount for each day, and a total. See ECF No. 46, Ex. 3. The charts do not show how many hours each employee worked or list their hourly wages. Id.

## DISCUSSION

## I.     Motion to Amend the Complaint

### A.  Legal Standard

A party may amend its pleading "as a matter of course" within 21 days of service of the complaint or within 21 days of service of either a responsive pleading or certain motions under Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1). After that time, an amendment requires either the consent of the opposing parties or leave of the court. Fed. R. Civ. P. 15(a)(2). Although the "court should freely give leave when justice so requires," id., it may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).

When a party files a motion to amend after the pleading deadline set in the scheduling order, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Id. at 334–35 (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)); see Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). It is within the Court's discretion to apply the good cause standard after the deadline to amend. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (holding that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause").

To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met. Id. (noting that Rule 16 provides that leave should be granted where "deadline cannot reasonably be met despite the diligence of the party seeking the extension" (internal quotation marks omitted)). While the movant's "diligence" is the "primary consideration," the Court may also inquire whether the amendment will significantly prejudice the nonmoving party. Kassner v. 2nd Ave. Delicatessen, 496 F.3d 229, 244 (2d Cir. 2007); see also Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) ("We will find 'good cause' where the moving party has demonstrated 'diligence,' and the amendment would not significantly prejudice the non-moving party." (citations omitted)); Salomon v. Adderley Indus., 960 F. Supp. 2d 502, 507–08 (S.D.N.Y. 2013) (considering undue delay and undue prejudice in Rule 16(b) good cause analysis). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" Perfect Pearl Co. v.

Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citing Sokol Holdings

v. BMD Munai, Inc., No. 05-cv-3749 (KMW)(DF), 2009 WL 2524611, at *7–8 (S.D.N.Y. Aug.

14, 2009) (collecting cases)). The burden of demonstrating good cause rests with the movant.

Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79

(S.D.N.Y. 2012).

**B. Analysis**

The Court ordered that the deadline to add parties or amend the pleadings was September

15, 2021. ECF No. 32. That deadline was later extended to December 15, 2021. ECF No. 35. In

advance of that deadline, Plaintiff was compelled to move for discovery sanctions because of

Defendants' failure to comply with their discovery obligations. Accordingly, Plaintiff argues that

his motion to amend to the complaint cannot prejudice the Defendants because they did not

produce responsive documents until he filed a motion for sanctions. Pl. Mem. 12. While

Defendants produced some documents on December 27, 2021, their production was not complete

until February 11, 2022. Id. Plaintiff filed his motion to amend six days later. As such, "the delay

was caused solely by the defendants." Id.

Plaintiff has demonstrated good cause for his request to amend the complaint to substitute

the real names of the individual defendants. Previously, these individuals were known to him

only by their nicknames, and he did not learn their real names until Defendants' production. Id.

at 13. Plaintiff's efforts to compel production and prompt filing of his motion to amend after

production was complete establish due diligence. See Min Gui Ni v. Bat-Yam Food Serv., No.

13-cv-7274 (ALC)(JCF), 2014 WL 3810820 at *3 (S.D.N.Y. July 30, 2014) (finding good cause

where ground for amendment was not discovered until after the deadline to amend had passed

and party seeking amendment acted quickly). Furthermore, Defendants have not shown that

substituting their real names for their nicknames will result in any prejudice, especially since the individual defendants were on notice of the claims against them.

Defendants also argue that Plaintiff's motion to amend should be denied as futile under Rule 15(a) because he has not adequately pled that the individual defendants acted as his employers. ECF No. 48, Defendant's Mem. of Law ("Def. Mem.") 6–8; see also Anderson News LLC v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) ("Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." (internal citations omitted)) Plaintiff alleges that each of the individual defendants were owners and managers of the defendant companies and were involved in managing their day-to-day operations, had the power to hire and fire employees, set wages and schedules, and retain employment records. PAC ¶¶ 14–19. Although these allegations are admittedly "sparse," they are sufficient to plausibly allege employer status at this stage of the proceeding and so Plaintiff's proposed amendment is not futile. Salomon, 960 F. Supp. 2d at 510.

Plaintiff's failure to add the additional corporate defendants, however, is not the result of Defendants' delay in production. Instead, Plaintiff relies on his own affidavit, specifically his statements that he worked at the Renew Day Spa locations at 10 and 42 Bowery in March 2018 and was later asked to work shifts at both Bowery locations and the Renew Regal Spa at 259 Canal Street, despite regularly working at Renew Body Wellness at 49 West 8th Street. Yan Aff. ¶¶ 2, 11. This proposed amendment rests on facts known to Plaintiff in advance of the deadline, and so he has not demonstrated good cause to amend the complaint. Perfect Pearl Co., 889 F. Supp. 2d at 457–59; see also Port Auth. Police Benevolent Ass'n, v. Port Auth. of New York & New Jersey, No 15-cv-3526 (AJN), 2016 WL 6083956, at *3 (S.D.N.Y. Oct. 17, 2016) (denying

motion to amend where plaintiff knew of additional parties before the deadline). In fact, Plaintiff offers no explanation for why his initial complaint alleges only that he worked at the location at 49 West 8th Street. Compl. ¶¶ 5–7, 28–29. Accordingly, leave is denied to add additional corporate defendants.

## II.   Motion to Conditionally Certify a Collective

### A.  Legal Standard

"The FLSA permits employees to create a collective by opting-in to a backpay claim brought by a similarly situated employee." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016) (citing 29 U.S.C. § 216(b)). "The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it." Id. Certifying a FLSA collective is a two-step process. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Id. "The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Id.

At the first step, plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether*

'similarly situated' plaintiffs do in fact exist." Id. (citations omitted) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991); Hoffmann, 982 F. Supp. at 261).

"A single affidavit from a single plaintiff may suffice" in meeting this burden. Murray v. City of New York, No. 16-cv-8072 (PKC), 2017 WL 3531552, at *5 (S.D.N.Y. Aug. 16, 2017). But the "plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." Fu v. Mee May Corp., No. 15-cv-4549 (KPF), 2016 WL 1588132, at *2 (S.D.N.Y. Apr. 20, 2016); accord Huertero-Morales v. Raguboy Corp., No. 17-cv-2429 (JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017); Murray, 2017 WL 3531552, at *5; Mata v. Foodbridge LLC, No. 14-cv-8754 (ER), 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015); Sanchez v. JMP Ventures, LLC, No. 13-cv-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014). "Although plaintiffs' burden at this stage is 'modest,' 'it is not non-existent,' and 'certification is not automatic.'" She Jian Guo v. Tommy's Sushi Inc., No. 14-cv-3964 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (quoting Romero v. H.B. Auto. Grp., Inc., No. 11-cv-386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012)).

**B. Analysis**

Plaintiff has failed to make even the modest factual showing required at the first step. He alleges only that "[f]rom talking to other workers, and from [his] personal observations" he knew that other workers were not paid base wages or overtime and relied exclusively on tips. Yan Aff. ¶ 14. This statement does not provide "*any* detail as to a *single* such observation or conversation." Sanchez, 2014 WL 465542, at *2. Plaintiff does not identify the number of other workers who reported similar treatment, their names, or the locations where they worked. "As a

8

result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." Id. Courts in this district routinely deny motions for conditional certification resting on similarly conclusory allegations. See Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481–82 (S.D.N.Y. 2016) ("When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees," courts require "details about these observations and conversations, such as where and when they occurred and the names of the employees involved."); see also Joshi v. Flagship S B Amsterdam NY, LLC, No. 17-cv-5785 (ALC)(SN), 2018 WL 1135566, at *4 (S.D.N.Y. Mar. 1, 2018) (denying motion where plaintiff "merely asserts in generalized terms that he observed other employees at work and had several conversations with other employees about their compensation"). Furthermore, the "Masseuse Payroll Book" records do not substantiate Plaintiff's allegations given their lack of detail. Because Plaintiff has failed to meet his burden of showing that he and the potential opt-in plaintiffs were victims of a common policy or plan that violated the law, the Court cannot conditionally certify this case as a collective action.

## CONCLUSION

Plaintiff's motion to amend his complaint to substitute the individual defendants' real names is GRANTED, but his motion to add additional corporate defendants is DENIED. Plaintiff's motion to conditionally certify this case as a representative collective action pursuant to 29 U.S.C. § 216(b) is DENIED. In light of the Court's ruling, fact discovery is extended one final time until August 19, 2022. By July 18, 2022, the parties shall file a joint letter providing the dates for all depositions the parties intend to conduct and identifying any outstanding

document discovery. The Clerk of Court is respectfully requested to terminate the motions at

ECF Nos. 45 & 51.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:        New York, New York
              July 12, 2022